## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| DANIEL KORNEL MCKAY BEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) )  No. 4:23-cv-01205-JSD |
| DAVID VANDERGRIFF, | ) ) ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER TO SHOW CAUSE

Petitioner Daniel Kornel McKay Bey seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Having reviewed the petition, the Court will order petitioner to show cause as to why this action should not be dismissed for failure to exhaust available state remedies.

### The Petition

Petitioner, who is currently incarcerated at the Potosi Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254.  He was convicted by a jury of one count of felony trafficking drugs in the second degree. On October 17, 2022, plaintiff was sentenced to 25 years' imprisonment in the Missouri Department of Corrections.

Petitioner alleges that his sixth amendment rights were violated during his state court trial when the trial was conducted without petitioner's presence. "The jailer told the court that I didn't want to come to trial, when I never said that. So they picked a jury without me and proceeded to trial without me being there."

**Discussion**

Pursuant to 28 U.S.C. § 2254, an application for writ of habeas corpus "shall not be granted unless it appears that…the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Thus, a petitioner in state custody seeking relief pursuant to § 2254 must first exhaust available state remedies before pursuing federal habeas relief. *Wayne v. Missouri Bd. of Probation & Parole*, 83 F.3d 994, 996 (8th Cir. 1996). *See also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This provides the state an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). The exhaustion requirement also prevents disruption of state judicial proceedings. *Rose v. Lundy*, 455 U.S. 509, 517 (1982).

To exhaust state remedies, a petitioner must fairly present his claims in each appropriate state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015). *See also Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) (stating that petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process"); and *Wayne*, 83 F.3d at 998 (stating that "[a]ll that is required to satisfy the exhaustion requirement is that the federal claims be fairly presented to the state courts in one full round of litigation"). This requires the petitioner to submit not only the facts, but also the substance of his federal habeas claim to the state court. *Abdullah v. Groose*, 75 F.3d 408, 411 (8th Cir. 1996). Specifically, in order "to satisfy the 'fairly presented' requirement, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Barrett*

-2-

*v. Acevedo*, 169 F.3d 1155, 1161-62 (8th Cir. 1999). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986).

Here, petitioner has the opportunity to raise his constitutional challenges through his post-conviction (Rule 29.15) proceedings and appeals in Missouri state court. As such, petitioner has available state procedures that he must exhaust before invoking federal habeas jurisdiction.

Petitioner shall show cause why this action should not be dismissed for failure to exhaust his state court remedies prior to bringing this action to federal court.  Petitioner shall have twenty-one (21) days to file a response to the Court's Order.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that petitioner shall show cause within twenty-one (21) days of the date of this Order as to why the Court should not dismiss the instant habeas corpus application for failure to exhaust available state remedies. Petitioner's failure to file a show cause response may result in the denial of the instant petition and the dismissal of this action, without prejudice.

Dated this 27th day of September, 2023.

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE